**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 24-cv-00351-RMR-STV

MATTHEW GUNSALLUS,

      Plaintiff,

v.

DAVID HESTAND,
COLIN CARSON,
MARSHALL GRIFFITH,
LARRY COX, AND
STEVEN SALAZAR,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak, entered on September 5, 2024, ECF No. 29, addressing Defendant Marshall Griffith's Motion to Dismiss, ECF No. 17, and Defendants David Hestand, Colin Carson, Larry Cox, and Steven Salazar's (collectively, "BCCF") Motion to Dismiss, ECF No. 25. Magistrate Judge Varholak recommends that BCCF's Motion to Dismiss be granted and Griffith's Motion to Dismiss be granted in part and denied in part. ECF No. 29.

Griffith timely filed a partial objection to the Recommendation at ECF No. 33.[1] Plaintiff did not respond. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Recommendation is accepted in part and rejected in part.

## I.     LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.   28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear

---

[1] Requested and received a recommendation.

that Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a *de novo* or any other standard, when neither party objects to those

findings."). When no proper objection is filed, "the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation."[2] Fed.

R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

## II.    ANALYSIS

Plaintiff does not object to the factual or procedural background discussed in the

Recommendation. Accordingly, the Court adopts and incorporates the factual and

procedural background included within the Recommendation as if set forth herein.

The Magistrate Judge recommended that two claims survive dismissal: "(1)

RLUIPA claim for declaratory relief against Defendant Griffith in his official capacity, and

(2) First Amendment claim for prospective declaratory relief against Defendant Griffith in

his official capacity." ECF No. 29 at 21. In his objection, Griffith argues that (1) the

complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure

and (2) Plaintiff has not pleaded any facts that might demonstrate Griffith has the power

to effectuate the declaratory relief he seeks. ECF No. 33.

First, because the First Amendment claim is pleaded against Griffith in his official

capacity, the Magistrate Judge properly raised the issue of Eleventh Amendment

immunity sua sponte. *See* ECF No. 29 at 19-20. In doing so, the Magistrate Judge

concluded that the Eleventh Amendment bars Plaintiff's claims for retroactive declaratory

---

[2] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).  *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

relief against Defendant Griffith in his official capacity, but that the claim for prospective declaratory relief can go forward. *Id.* at 21. By allowing the claim for prospective declaratory relief to proceed, the Magistrate Judge apparently relied on the *Ex parte Young* exception to Eleventh Amendment immunity. However, the Court concludes that Plaintiff's claim against Defendant Griffith in his official capacity does not fall under the *Ex parte Young* exception and therefore must be dismissed for lack of subject matter jurisdiction.

Under *Ex parte Young*, "individuals can sue state officers in their official capacities if the lawsuit seeks prospective relief for an ongoing violation of federal law." *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 736 (10th Cir. 2024) (citing Ex parte Young, 209 U.S. at 159–60, 28 S.Ct. 441). To determine if the *Ex parte Young* exception applies, the Court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). Thus, "plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012).

Here, Plaintiff is suing Griffith, a grievance officer and state official, and he seeks prospective relief in the form of a declaratory judgment, but he has not alleged an ongoing violation of federal law. Plaintiff alleges that Griffith "<u>failed</u> in his duties" to investigate his grievance or attempt a meaningful remedy and that Griffith "<u>could have</u> ordered Hestand

to be available for my holy day so I could observe it." ECF No. 1 at 10 ¶ 38 (emphasis added). All of Plaintiff's allegations against Griffith refer to his past actions. But the failure to investigate prior grievances is not a sufficient allegation of an ongoing violation of federal law. *See, e.g.*, *Burnett v. Allbaugh*, 715 F. App'x 848, 851 (10th Cir. 2017) ("[T]he denial of prior grievances is not a credible allegation of an ongoing violation of federal law."). And, as the Magistrate Judge pointed out, the "[d]enial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim." ECF No. 29 at 13-14 (quoting *Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013)).; *see also Scott v. Montoya*, 17-cv-01364-KLM, 2019 WL 688053, at *7 (D. Colo. Feb. 15, 2019) ("Without more, dissatisfaction with the result of . . . grievance requests [is] not sufficient to state a constitutional violation."). Because Plaintiff has not alleged that Griffith is engaged in an ongoing violation of federal law, his claims do not fall within the *Ex parte Young* exception. Accordingly, Plaintiff's First Amendment claim for prospective declaratory relief against Defendant Griffith in his official capacity is dismissed without prejudice.

As to the RLUIPA claim, the Magistrate Judge reasoned that "[i]n construing the Complaint liberally, it appears Plaintiff also seeks declaratory relief under the RLUIPA against Defendant Griffith acting in his official capacity . . . . The Griffith Motion, however, does not challenge the RLUIPA claim; therefore, the Court will not address the sufficiency of this portion of the claim." ECF No. 29 at 12 n.6. In his objection, Griffith concedes that he did not address the RLUIPA claim in his motion to dismiss but argues that is because

the complaint did not "sufficiently notify Griffith as to the claims against him" and, in any case, the allegations in the complaint "are too threadbare, conclusory, and implausible" to support Plaintiff's RLUIPA claim. ECF No. 33 at 4-5. Thus, Griffith argues that Plaintiff's allegations do not comply with Rule 8's requirements and should be dismissed for failure to state a claim.

To state a claim under RLUIPA, a plaintiff must adequately allege the following: (1) that the plaintiff wishes to engage in a religious exercise; (2) that this wish is motivated by a sincerely held belief; and (3) that the exercise is subject to a substantial burden imposed by the government. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312–15 (10th Cir. 2010). RLUIPA does not provide a definition of "substantial burden." However, the Tenth Circuit has stated that "substantial burden" under RLUIPA is to be interpreted with reference to First Amendment jurisprudence. *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 661 (10th Cir.2006). Not every infringement on a religious exercise will constitute a substantial burden. "The practice burdened need not be central to the adherent's belief system, but the adherent must have an honest belief that the practice is important to his free exercise of religion." *Abdulhaseeb*, 600 F.3d at 1316 (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 332 (5th Cir. 2009)). At a minimum, the adherent must demonstrate that the denial of a particular religious item is "more than an inconvenience to one's religious practice." *Id.* (quoting *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004)).

Because Plaintiff is proceeding pro se, the Court must construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Plaintiff's pro se status,

however, does not excuse him from complying with the procedural rules that govern all civil actions filed in this District—namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). As relevant here, under Rule 8, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where the facts pleaded "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief' " under Rule 8. *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiff's complaint contains only the bare, conclusory statements that Griffith either failed to investigate or wrongfully denied his grievances. *See* ECF No. 1 ¶¶ 28, 38, 39. The Court finds that this is insufficient to state a valid claim under RLUIPA. Plaintiff makes no factual allegations that Griffith has any involvement or took any direct action related to the alleged burden on Plaintiff's ability to access the faith grounds. *See Lowery v. Edmondson*, 528 F. App'x 789, 792 (10th Cir. 2013) (to the extent plaintiff is challenging prison policy, he must explain the various defendants' involvement to state a claim under RLUIPA). Accordingly, the Court finds that Plaintiff has failed to state a claim against Griffith for violation of RLUIPA and the claim must be dismissed.

### III.    CONCLUSION

For the reasons set forth above, the Court ORDERS:

1.  Defendant Griffith's Partial Objection to the Recommendation, ECF No. 33, is SUSTAINED;

2.  The Recommendation, ECF No. 40, is ADOPTED IN PART and REJECTED IN PART;

3.  The BCCF Defendants' Motion to Dismiss, ECF No. 25, is GRANTED;

4.  Defendant Griffith's Motion to Dismiss, ECF No. 17, is GRANTED;

5.  All claims against all Defendants are DISMISSED WITHOUT PREJUDICE.


DATED:  November 18, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge